UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY A. PETIT,

    Plaintiff,

v.                                        Case No. 3:19cv4921-RV-HTC

M. MORRISON and
J. THOMPSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion for summary judgment (ECF Doc. 21). The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration and for the reasons set forth below, the undersigned recommends the motion be GRANTED.

**I.    BACKGROUND**

At the time of filing the complaint, Plaintiff Terry A. Petit ("Petit") was an inmate of the Florida Department of Corrections ("FDOC").[1] He brings this action against Defendants Matthew Morrison ("Morrison") and Justin Thompson

---

[1] According to Defendants, Petit has been released from prison. ECF Doc. 21 at 1. However, Petit has not filed a change of address with the Court, and the Court's last order, the summary judgment advisement order (ECF Doc. 22), was not returned as undeliverable.

("Thompson") for an alleged use of excessive force in violation of the Eighth Amendment arising out of an incident that occurred at Walton Correctional Institution ("Walton C.I."), where Petit was incarcerated. ECF Doc. 1 at 2, 5.

According to Petit's sworn complaint, on May 4, 2019, after allegedly violating the rules on "lewd and lascivious" behavior, Defendants escorted him in hand restraints to an area where Defendants knew there was no camera. *Id.* at 5. Defendant Morrison then allegedly yelled, "[S]top resisting," as he "threw Plaintiff over his shoulders" and "slammed Plaintiff onto the cement sidewalk," causing a "big gash" on Plaintiff's face. *Id.* Plaintiff alleges Defendant Morrison then jumped on top of Plaintiff and began punching Plaintiff in the head and face area. *Id.* Plaintiff alleges Defendant Thompson "joined in on the brutal beating" by "kicking Plaintiff maliciously and sadistically about his torso" while repeatedly yelling remarks concerning Plaintiff's lewd behavior around women. *Id.* Plaintiff further contends, "During such beating[,] Plaintiff was restraint [sic] with his hands behind his back and was no threat to Defendants . . . ." *Id.*

Plaintiff was then escorted to H-dormitory, where he was placed in a shower. *Id.* at 6. Plaintiff demanded medical attention because he felt faint, had "blood . . . leaking from the right side of [his] face," and was "throbbing with pain." *Id.* at 6. Plaintiff alleges Captain Henley (who is not a defendant in this action) responded with a handheld camera, and Plaintiff was then seen by medical personnel for a post-

use-of-force examination. *Id.* Plaintiff was then admitted to the infirmary for twenty-four (24) hours of observation because the nurse on duty "wanted to make certain Plaintiff [did not] suffer a concussion." *Id.*

Plaintiff alleges he "suffered extreme emotional distress and physical injuries such as a big gash on the right side of his face and lacerations that left permanent scarring and bruises on face area, right hand[,] and knee." *Id.* at 7. For relief, Plaintiff seeks nominal, compensatory, and punitive damages, as well a declaration that Defendants violated Plaintiff's rights. *Id.* at 9–10.

## II.    SUMMARY JUDGMENT EVIDENCE

Defendants move for summary judgment on Plaintiff's Eighth Amendment claims, arguing the undisputed facts show Thompson was not involved in the subject use-of-force incident, and Morrison's use of force was reactionary, reasonable and necessary, and not excessive.[2] In support of their motion, Defendants rely upon their sworn declarations as well as the FDOC use-of-force report and three incident reports. ECF Docs. 21-1 to 21-6.

In his sworn declaration, Morrison explains he was escorting Petit to administrative confinement when Petit attempted to free himself from Morrison's

---

[2] Morrison also moves for judgment on qualified immunity grounds. However, based on the above, the undersigned need not address that argument. Because Defendants maintain that Thompson was not present for the use of force, they do not argue qualified immunity as to him.

Case No. 3:19cv4921-RV-HTC

custodial hold. *Id.* at 2. After Petit continued to physically resist Morrison's lawful commands, Morrison used reactionary physical force "to place [Plaintiff] into a prone position on the sidewalk . . . ." *Id.* Once on the ground, Plaintiff "became combative" and continued an attempt "to free himself from [Morrison's] custodial hold." *Id.*

Morrison issued verbal orders directing Petit to put his hands behind his back so that hand restraints could be placed on Petit's hands, but he refused. *Id.* Consequently, Morrison used physical force to place Petit's hands behind his back. *Id.* Once Petit's hands were secured in hand restraints, Morrison ceased all use of force. *Id.* Morrison asserts he did not act out of malice or with the intent to cause physical harm to Plaintiff; rather, Morrison applied "the minimum amount [of force] necessary to restrain [Plaintiff's] physical aggression . . . and to bring him into compliance with . . . lawful commands." *Id.* at 2–3.

In Thompson's declaration, he states he was not involved in the use of force incident. ECF Doc. 21-2. The use-of-force incident began around 9:55 A.M., ECF Doc. 21-4 at 1, but Thompson did not arrive at the scene until 10:29 A.M. ECF Docs. 21-2 at 2, 21-5. When Thompson arrived, Captain Henley (who is not a defendant in this action) directed Thompson to operate the handheld video camera and begin recording the video for the post-use-of-force examination, and Thompson

stopped recording the video "upon completion of all procedures" around 10:47 a.m. *Id.*

The FDOC use-of-force report and incident reports are consistent with Defendants' account of the events. ECF Docs. 21-3 to 21-6. Morrison affirms in these contemporaneously created documents that he utilized reactionary force to secure Petit, who was combative and physically resisted lawful commands. ECF Doc. 21-3 to 21-6. He affirms that he is the only officer involved in the incident. *Id.* The incident was reviewed by Captain Henley, Colonel Godfrey, and Warden May, all of whom determined the use of force was necessary and not excessive. ECF Doc. 21-4 at 1. Also, Petit was issued a Disciplinary Report for disorderly conduct. ECF Doc. 21-4 at 2. Additionally, the incident was reviewed by the Office of the Inspector General, which determined the incident complied with rules and procedures. ECF Doc. 21-3 at 2.

The reports are undisputed by Petit. Petit does not, for example, dispute the authenticity of the reports or the accuracy of the information in the reports. There are no allegations the reports are fraudulent. Similarly, Petit does not take issue with the disciplinary action that was taken as a result of the incident. Indeed, as discussed more below, Plaintiff did not file a written response to the motion or submit any evidence to support his allegations or rebut Defendants' evidence.

## III. SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, a defendant must show that the plaintiff has no evidence to support his case or present affirmative evidence that plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a defendant successfully negates an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if a reasonable jury could return a verdict in favor of the non-moving party. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012). The courts liberally construes the filings of *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case

in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## III.   DISCUSSION

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII.  The "core judicial inquiry" in considering an Eighth Amendment excessive force claim, therefore, is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see Wilkins v. Gaddy*, 559 U.S. 34, 38–39 (2010).  To determine whether an officer applied the force maliciously and sadistically, courts consider the following factors: "(1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat 'reasonably perceived by the responsible officials,' . . . (4) 'any efforts made to temper the severity of a forceful response,'" and "(5) [t]he absence of serious injury." *Hudson*, 503 U.S. at 1, 7 (citing *Whitley v. Albers*, 475 U.S. 312, 312, (1986)).

In this case, the undisputed summary judgment evidence, even when viewed in the light most favorable to Petit, supports a conclusion that Petit cannot establish that the force used against him was either excessive or applied maliciously or sadistically, as necessary to establish an Eighth Amendment claim.  First, Defendants have shown there was a need for force because Petit was not obeying

verbal commands and was resisting officers. *See Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990) ("The need for the use of force [was] established by the undisputed evidence that [the prisoner] created a disturbance.").

Plaintiff acknowledges in the complaint that Morrison yelled, "[S]top resisting," before using force. ECF Doc. 1 at 5. Moreover, although Plaintiff alleges his hands were restrained behind his back and he was no threat to Defendants, he does not dispute he attempted to resist and further does not dispute he did not follow commands. Even if Petit were in handcuffs, as alleged, that still does not necessarily render the use of force unconstitutional. *See Miles v. Jackson*, 757 F. App'x 828, 830 (11th Cir. 2018) (finding lack of evidence to establish excessive force claim at summary judgment stage even though evidence showed inmate was in leg restraints and handcuffs at the time of the force).

Second, the need was proportional to the force used. "The use of a takedown 'is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders.'" *See Miles*, 757 F. App'x at 830 (quoting *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008)), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)). Third, Morrison reasonably perceived Plaintiff's attempt to break free from his custodial hold and resistance to his commands as a threat. *See Miles*, 757 F. App'x at 829 (internal quotations omitted) ("[The Eleventh Circuit] give[s] a wide range of deference to prison officials acting

to preserve discipline and security, including when considering decisions made at the scene of a disturbance.").

As to the fourth and fifth factors, Petit alleges to have suffered a gash and bruises on his face. Defendants do not dispute these injuries, and it is undisputed Petit was admitted to the infirmary for observation for twenty-four (24) hours. ECF Doc. 21 at 2. This evidence, alone, is insufficient to show the "force . . . [was] repugnant to the conscience of mankind."[3] *Johnson v. Moody*, 206 F. App'x 880, 884–85 (11th Cir. 2006) (quoting *Hudson*, 503 U.S. at 9–10)); see *Black v. Butler*, No. 2:12-CV-0633-LSC-PWG, 2013 WL 6085980, at *9 (N.D. Ala. Nov. 19, 2013) ("The slap by one officer and the thump in the eye by another are *de minimus* intrusions that do not violate the Eighth Amendment."); *Washington v. Wigington*, No. 1:12-CV-0637-WSD-JFK, 2012 WL 3834844, at *5 (N.D. Ga. July 27, 2012) (holding that although the prisoner was subdued, the officer's striking the prisoner in the head three times without enough force to injure did not amount to excessive force).

In sum, Petit has failed to present any evidence, other than his bare allegations, from which a reasonable jury could find that Morrison's use of force was applied "maliciously and sadistically to cause harm," rather than "in a good faith effort to

---

[3] Defendants have redacted descriptions of Petit's injuries on the FDOC documents because Petit has refused to execute a medical release.

Case No. 3:19cv4921-RV-HTC

maintain or restore discipline." *Wilkins*, 559 U.S. at 37. Petit submitted no sworn response and no sworn affidavit. Thus, unlike cases where the Eleventh Circuit has cautioned against the weighing of credibility on summary judgment, *Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019), this case does not present "a classic swearing match, which is the stuff of which jury trials are made." *Id.*

"When the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Howard v. Memnon*, 572 F. App'x 692, 694–95 (11th Cir. 2014) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. *See Bennett v. Parker,* 898 F.2d 1530, 1532–34 (11th Cir.1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two different

stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

Thus, when a defendant, such as Defendants here, has submitted evidence in support of summary judgment, a plaintiff "must then 'go beyond the pleadings,' and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995). In other words, although the court will consider the allegations in a *pro se* plaintiff's sworn complaint as summary judgment evidence, *Smith v. Mobile Shipbuilding & Repair, Inc.*, 663 F. App'x 793, 797–99 (11th Cir. 2016), those allegations, alone, are "[a] mere 'scintilla' of evidence," which is not enough. *Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004); *see also Mccloud v. Roy*, 2010 WL 985731, at *7 (N.D.N.Y. Feb. 22, 2010), *report and recommendation adopted*, 2010 WL 985737 (N.D.N.Y. Mar. 16, 2010) ("Plaintiff's conclusory allegation . . . is insufficient to create a dispute of fact in the face of [a] sworn declaration and supporting documentary evidence in the record."). Rather, the nonmovant must make a sufficient showing that "a jury could reasonably find for that party."

*Anderson*, 477 U.S. at 249–50; *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

Notably, this is not a situation where Plaintiff was not aware of his obligation to respond to the motion for summary judgment or the need to do so.[4] To the contrary, the Court specifically directed Plaintiff to respond and advised him of his obligations in responding to the motion. ECF Doc. 22. In that order, the Court specifically advised Plaintiff that "he cannot rely upon mere allegations or bare legal conclusions; he must file sworn testimony, affidavits or any other documents or evidentiary materials as required by Fed. R. Civ. P. 56 and Local Rule 56.1(C)." *Id.* at 1. The Court further instructed Plaintiff that "[he] must dispute or contradict Defendants' arguments with evidence of a substantial nature as distinguished from legal conclusions or mere allegations." *Id.* at 2. Despite the Court's order, Plaintiff did not file a response to Defendants' motion, and the time for responding has passed. Indeed, Plaintiff has not submitted any filings to this Court since initiating this action on December 9, 2019. ECF Docs. 1–3.

As set forth above, Defendants presented evidence that force was applied in a good faith effort to maintain or restore discipline. Plaintiff, on the other hand, relies solely on the allegations in his complaint, which are blatantly contradicted by the

---

[4] Also, Local Rule 7.1(H) provides, "The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H).

Case No. 3:19cv4921-RV-HTC

use-of-force report, incident reports, and Defendants' declarations. Thus, the undersigned recommends Defendants' motion for summary judgment be granted. *See Howard*, 572 F. App'x at 695 (affirming summary judgment and noting where plaintiff's "accounting of the incident was blatantly contradicted by the record, so that no reasonable jury could have believed it, we cannot adopt that version of the facts for purposes of summary judgment"); *McLendon v. Smith*, 2014 WL 575538, at *6 (M.D. Ga. Feb. 11, 2014) (granting Defendants' summary judgment motion where "[Plaintiff's] version of events . . . was contradicted by all of the relevant evidence, with the exception of his own [statement of claim in the Complaint and affidavits]" (quoting *Vicks v. Knight*, 380 F. App'x 847 (11th Cir. 2010)); *Perkins v. Alexander*, No. 5:08-CV-2034, 2009 WL 3489908, at *6 (N.D. Ohio Oct. 22, 2009) (granting Defendant's summary judgment motion where Plaintiff did not file a response to the motion and instead relied on the complaint and his own declaration, which were insufficient to overcome Defendants' sworn affidavits, medical reports, incident reports, and the results of an internal investigation).

      Finally, although Petit alleges that Thompson also used force against him, this allegation is also blatantly contradicted by the FDOC use of force reports and incident report. Thus, for the same reasons set forth above, the undersigned finds that Petit has failed to present evidence from which a reasonable jury could find that

Case No. 3:19cv4921-RV-HTC

Thompson was involved in the incident. Thompson is therefore entitled to judgment on this additional ground.

## IV.  CONCLUSION

The undersigned finds, based on the declarations and documentary evidence submitted by Defendants, that Defendants have met their burden of negating an essential element of Plaintiff's Eighth Amendment claim. That is, Defendants have negated the allegation that they used excessive force on Plaintiff. Plaintiff, on the other hand, has failed to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Accordingly, the undersigned finds that judgment should be entered in favor of the Defendants.

Accordingly, it is respectfully recommended:

1. Defendants' motion for summary judgment (ECF Doc. 21) be GRANTED on all of Plaintiff's claims.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 13th of January, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any**

**different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**